IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN C.,[1] ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> LELAND DUDEK, Acting ) <br> Commissioner of Social Security,[2] ) <br> ) <br>     **Defendant.** ) <br> ) | No. 23 C 16616 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Stephen C.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for reversal of the Commissioner's decision [Doc. No. 22] is granted in part and denied in part, and the Commissioner's motion for summary judgment [Doc. No. 25] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Leland Dudek is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On September 13, 2021, Plaintiff filed an application for DIB, alleging disability since October 17, 2020. The claim was denied initially and upon reconsideration, after which he timely requested a telephonic hearing before an Administrative Law Judge ("ALJ"), which was held on January 19, 2023. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On March 2, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 17, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: traumatic brain injury, neurocognitive disorder, post-traumatic stress disorder, depression, and anxiety. The ALJ concluded at step three that his impairments,

2

alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform work at all exertional levels with the following limitations: no bright or flashing lights, or loud noises; no viewing of computer screens longer than thirty minutes at a time; limited to non-hazardous environments, *i.e.*, no driving at work, operating moving machinery, working on ladders or unprotected heights; no concentrated exposure to unguarded hazardous machinery; occasional interactions with supervisors and coworkers; no interactions with the general public; no work requiring a specific production rate such as assembly line; and occasional changes in a routine work setting.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a comptroller. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## **DISCUSSION**

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a

3

Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

4

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

5

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) it incorrectly evaluated Plaintiff's chronic headaches; (2) the assessment of Plaintiff's mental impairments was erroneous; (3) the ALJ failed to properly consider the medical opinions in the record; and (4) the credibility assessment was not reasonable. The Court agrees with Plaintiff that the ALJ

6

improperly evaluated the severity and disabling effects of Plaintiff's headaches, and remand is warranted on that basis alone.

Plaintiff began suffering from headaches after suffering a traumatic brain injury ("TBI") in September 2017, when Plaintiff, his wife, and his son were violently attacked by a gang at an amusement park.[3] Plaintiff's wife subsequently suffered from depression and died by suicide. Plaintiff was unable to work for nearly eight months after the attack, then after returning for a couple of years, he stopped working entirely in October 2020 due to ongoing issues with cognitive function and chronic headaches.

The ALJ concluded that Plaintiff's headaches were not disabling because he continued to work for two years after the injury; he voluntarily stopped taking migraine medication for a while, and although his headaches were not described as intractable, he did not pursue other pain management measures, such as Botox injections; no medical opinion supported his claimed need to lay in a quiet room and to nap daily; and Plaintiff has remained active, golfing, walking about an hour every other day, swimming, working with a personal trainer, and snow shoveling.

The Court is unpersuaded that the ALJ's disability finding is backed by substantial evidence. In support of his conclusion that Plaintiff "denied headaches" at or around the time of his alleged onset date, the ALJ cites to three medical examinations dated October 23, 2020, December 10, 2020, and January 8, 2021. The

---

[3] The ALJ's pithy dismissal of Plaintiff's violent assault as his being "involved in an altercation . . . during which he sustained a concussion" is emblematic of the lack of seriousness he accords Plaintiff's claims of disabling symptoms. (R. 22.)

7

October 23 and December 10 visits with Plaintiff's primary care physician were focused on his psychological symptoms, and the January 8 report was an initial psychological evaluation. The January 8 report's statement that Plaintiff was experiencing "[n]o new headache" was mischaracterized as a denial of headache symptoms. To the contrary, according to that report's subjective summary, Plaintiff asserted that he suffers from migraines caused by his TBI. (R. 574-79.) The summary notations in the October 23 and December 10 psychological reports that Plaintiff "denies headaches" do not show that he no longer experienced headaches at all. The ALJ thus impermissibly cherry-picked evidence supporting a finding of non-disability while ignoring evidence that favors a disability finding.[4] *See Kaminski v. Berryhill*, 894 F.3d 870, 874-75 (7th Cir. 2018).

The ALJ also discounts Plaintiff's first neurological examination on January 22, 2021, finding it notable that Plaintiff reported as many as fifteen headache days a month, lasting up to four hours, "[y]et, on exam at the time, the claimant appeared in no distress and his neurologic, motor, and sensory functions were within normal limits." (R. 23.) Setting aside the fact that the ALJ gives no evidentiary basis for his apparent conclusion that being headache-free during a particular medical exam means that one cannot suffer disabling headaches on other

---

[4] In another context, the ALJ demonstrated his awareness that Plaintiff did not list all of his symptoms to all of his medical professionals. On December 17, 2020, Plaintiff saw a urologist who reported that Plaintiff had "no symptoms of depression or anxiety," (R. 614), despite the fact that only one day before, Plaintiff had presented to a psychologist for a "[s]evere episode of recurrent major depressive disorder," (R. 622). In this case, the ALJ sensibly did not use the urologist's report as evidence that Plaintiff did not suffer from any psychological impairments.

8

days, he misstates the report. The neurologist did not conclude that his neurologic functions were within normal limits. Instead, for the neuro domain, she referred to the History of Present Illness section, which detailed his chronic headaches, including their history, severity, and presentation.

The ALJ's efforts to minimize Plaintiff's headaches as "not intractable" is also unconvincing. Intractable headaches are those that last for days or even weeks; one need not be in crippling pain twenty-four hours a day, seven days a week, to meet the disability threshold. Moreover, the ALJ's suggestion that Plaintiff's headache pain could not be disabling because he has not taken all possible medications or injections to combat the symptoms fails to consider Plaintiff's reluctance to take pills due to prior issues with side effects. (R. 574.) Plaintiff's claims of pain are not discredited merely because he has not sought aggressive treatment. *See Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018). The ALJ also did not point to any evidence in the record that such treatments would bring down his fifteen headache days a month to a non-disabling level.

Finally, the ALJ's analysis of Plaintiff's activities fails to tie the evidence to his conclusions. None of the activities Plaintiff reportedly engaged in are inconsistent with his claim of hours-long headaches two dozen times a month. When he is not actively suffering from a headache, it is not inconsistent or surprising that he could golf, take walks, and work out. None of the activities is even a near equivalent of engaging in full-time competitive work. *See Jeske v. Saul*, 955 F.3d 583, 592 (7th Cir. 2020).

9

As for Plaintiff's ability to work for a couple of years beginning approximately eight months after the injury, the ALJ discounts the letter submitted by Plaintiff's prior employer indicating that Plaintiff had difficulty performing the mental tasks required in his job as a comptroller. The ALJ instead faults the letter for failing to assert that Plaintiff's attendance was affected by his headaches. But attendance is only part of the equation; the ALJ's analysis fails entirely to consider whether Plaintiff is able not only to show up at a job site but also to perform work on a full-time basis.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's mental health symptoms are properly considered.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request for reversal of the Commissioner's decision [Doc. No. 22] is granted in part and denied in part, and the Commissioner's motion for summary judgment [Doc. No. 25] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

**DATE:**    **March 19, 2025**             _____
                                                                **HON. MARIA VALDEZ**
                                                                **United States Magistrate Judge**